# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYEWOONG YOON,<br><br>        Plaintiff,<br><br>v.<br><br>SEYONG LEE a/k/a SE-YEON LEE a/k/a<br>SE YEON LEE a/k/a SE Y. LEE a/k/a<br>SE-Y. LEE,<br><br>        Defendant | Civil Action No. 19-10278-PBS<br>*Leave to File Granted June 12, 2019* |
| HYEWOONG YOON,<br><br>        Plaintiff,<br><br>v.<br><br>JUHYNG LEE a/k/a JU-HYUNG LEE a/k/a<br>JU HYUNG LEE a/k/a JU-H LEE a/k/a<br>JU H. LEE,<br><br>        Defendant | Civil Action No. 19-10280-PBS<br>*Leave to File Granted June 12, 2019* |
| HYEWOONG YOON,<br><br>        Plaintiff,<br><br>v.<br><br>KOREAN BROADCASTING SYSTEM<br><br>        Defendant | Civil Action No. 19-10281-PBS<br>*Leave to File Granted June 12, 2019* |

**REPLY MEMORANDUM IN SUPPORT OF**
**<u>DEFENDANTS' MOTIONS TO DISMISS</u>**

Defendants SeYeon Lee, JuHyung Lee, and Korean Broadcasting System ("KBS") submit this reply memorandum in support of their motions to dismiss Plaintiff Hyewoong Yoon's Complaints (now consolidated) pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and the doctrine of forum non-conveniens. Plaintiff's Opposition to Defendants' Motions to Dismiss fails to save his Complaints for several separate and independent reasons, including:

*First*, even assuming the defamation and trade libel claims are not barred under the Foreign Sovereign Immunity Act's express exception to such claims for purposes of the tortious act exception because they occurred in the context of commercial activity, those claims are nonetheless barred by the FSIA because they did not take place entirely in the United States.[1]

*Second*, the trade libel claim fails for the additional reason that Plaintiff, an individual, has no standing to assert that claim, which runs to a non-party corporation.

*Third,* the Court lacks personal jurisdiction over JuHyung Lee, because Plaintiff fails to establish that fellow KBS employee SeYeon Lee acted as his agent while she was in Massachusetts.

*Fourth,* notwithstanding Plaintiff's argument that he could recover more money in the United States than in South Korea, the case should be dismissed pursuant to the doctrine of forum non conveniens, because that country provides an adequate forum for his claims, as reflected by the fact Plaintiff *first filed* a nearly identical lawsuit in South Korea.

---

[1] In their initial memoranda, Defendants argued that Plaintiffs' claims for defamation and trade libel were barred by the FSIA's specific exclusion of such claims. *See* 28 U.S.C. § 1605(a)(5)(B). Plaintiff argued in his Opposition that this exclusion only applied to *non-commercial* claims of defamation. There is a split of authority on this issue, and the First Circuit has not expressly ruled on the subject. However, on June 10, 2019, the day Plaintiff filed his Opposition, the First Circuit decided *Merlini v. Canada*, --- F.3d ---, 2019 WL 2417060 (1st Cir. 2019). There, the First Circuit referred to the applicable FSIA exception as the "noncommercial tort exception." *See, e.g., id.* at *4. Accordingly, it now seems unlikely that the First Circuit would agree with Defendants' position on this point. In any event, as discussed further below, Plaintiff's defamation and trade libel claims fail as a matter of law for other reasons under the FSIA.

A.  **Even if *Commercial* Defamation and Libel Claims are Permitted Pursuant to the FSIA, that Statute Still Bars Those Claims Because the "Entire Tort" did not Occur in the United States.**

The Complaint alleges that the allegedly defamatory broadcast was initially released on KBS's website in South Korea. *See, e.g.,* Complaint (19-cv-10278-PBS) ¶ 16. This fact is fatal to the defamation and trade libel claims under the FSIA, because the tort exception to that statute requires that the "entire tort" occur in the United States. *See Doe v. Federal Democratic Republic of Ethiopia*, 851 F.3d 7, 9-10 (D.C. Cir. 2017) (dismissing claim against Ethiopia for infecting plaintiff's computer in Maryland with a virus, because the virus originated in London and private information was communicated with a server in Ethiopia, and therefore the "entire tort" did not occur in U.S., and the court lacked subject matter jurisdiction over "transnational tort"); *Jerez v. Republic of Cuba*, 775 F.3d 419, 424 ("[T]he entire tort—including not only the injury but also the act precipitating that injury—must occur in the United States.").

B.  **Plaintiff has no Standing to Bring a Commercial Disparagement/Trade Libel Claim for Damages to a Non-Party Corporation.**

Plaintiff, an individual, lacks standing to bring a claim for commercial disparagement/trade libel based on alleged statements that caused harm to a non-party company of which he allegedly is a part-owner. Under Massachusetts law, such claims require that the allegedly false statement be "of or concerning *the plaintiff's products or services*." *HipSaver Inc. v. Kiel*, 464 Mass. 517, 523 (2013) (emphasis added). Here, the commercial disparagement/trade libel claim arises from the allegation that the offending broadcast "falsely imputed that [Plaintiff] was engaged in receiving company money for his educational and living expenses." Complaint (19-cv-10278-PBS) ¶ 31. This statement is not "of and concerning" any products or services provided by Plaintiff, and therefore the commercial disparagement/trade libel claim fails as a matter of law.

## C. The Court Lacks Personal Jurisdiction Over Defendant JuHyung Lee

Plaintiff claims that the Court has personal jurisdiction over Mr. Lee, a producer at KBS, because Ms. Lee, a KBS reporter, committed certain acts in Massachusetts "at the direction of Mr. Lee," Complaint (19-cv-10280-PBS) ¶ 25, and therefore was his agent for purposes of the Massachusetts Long-Arm Statute. Opp. at 6-7. The Complaint, however, is utterly devoid of any facts supporting the existence of a principal-agent relationship between Mr. Lee and Ms. Lee. *See Theos & Sons, Inc. v. Mack Trucks, Inc.*, 431 Mass. 736, 742 (2000) (explaining an agency relationship is created when there is mutual consent (expressed or implied) with the agent acting on behalf and for the benefit of the principal, and subject to control of the principal). Moreover, Plaintiff provides no legal support for his position that Ms. Lee's alleged actions can subject Mr. Lee to the personal jurisdiction of this Court—where it otherwise would not exist—simply because he was her supervisor at work. In sum, Plaintiff has done nothing to defeat the allegations in Mr. Lee's Affidavit demonstrating that the Massachusetts Long-Arm Statute is not satisfied, and he lacks the necessary minimum contacts with Massachusetts to subject him to the jurisdiction of this Court.

## D. South Korea, Where Plaintiff has a Pending and First-Filed Lawsuit Against Defendants, Provides an Adequate (and Superior) Forum for this Litigation.

Incredibly, Plaintiff does not address the elephant in the room concerning the forum non conveniens argument; *i.e.*, that he has a *pending* and *previously-filed* lawsuit in South Korea against Defendants arising out of the same allegedly false broadcast. This fact, standing alone, is sufficient grounds to dismiss this action.

Moreover, Plaintiff's two principal arguments as to why he should be able to litigate his claims against Defendants in the United States both miss the mark. First, Plaintiff argues that he will lose one cause of action (alleged violation of the Massachusetts wiretap statute), because

4

South Korea does not recognize such a claim. However, this is not the appropriate test for forum non conveniens. Rather, the question that must be answered is whether the foreign jurisdiction provides plaintiff with an *adequate remedy*, not whether it provides plaintiff with any particular cause of action necessary to secure it. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250-51 (1981) (dismissing claims of plane crash victims under the doctrine of forum non conveniens despite fact that Scotland did not provide plaintiffs with a strict liability claim and the same amount of potential damages they would have enjoyed in the United States); *Imamura v. General Electric Co.*, 371 F. Supp. 3d 1, 8-10 (D. Mass. 2019) (dismissing claims against General Electric under the doctrine of forum non conveniens notwithstanding that Japan would not permit plaintiffs to sue the company, *at all*, in that country); *Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1144-45 (9th Cir. 2001) (noting "[t]he forum non conveniens analysis does not look to the precise source of the plaintiff's remedy" and that it was irrelevant whether plaintiffs could "maintain [the] exact suit" in the foreign forum).

Second, Plaintiff argues that forum non conveniens is not applicable, because the potential damages for his defamation claim in South Korea are capped at approximately $42,000. Opp. at 9.[2] This is clearly wrong, because all that is required is an alternative forum that provides *some* remedy. *Imamura*, 371 F. Supp. 3d at 8 ("a foreign forum will be deemed adequate unless it offers *no* practical remedy for the plaintiff's complained of wrong") (emphasis added).

In sum, the Court should not countenance Plaintiff's attempt to both forum shop and litigate two nearly identical cases in different continents simultaneously.

---

[2] As explained in the Affidavit of Jae-Eun Shin, attached as Exhibit 1 to each of Defendants' memoranda in support of their motions to dismiss, Plaintiff sued Defendants in South Korea for KRW 3 billion (approximately $2.57 million) based on the allegedly false broadcast. *Id.* ¶ 14.

## Conclusion

For all the foregoing reasons, and those set forth in Defendants' initial papers, the Court should dismiss the Complaints.

Respectfully submitted,

KOREAN BROADCASTING SYSTEM,
SEYEON LEE, and
JUHYUNG LEE

By their attorneys,

/s/ *Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Joseph B. Hernandez (BBO No. 704223)
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116
(617) 338-9300
dbrooks@libbyhoopes.com
jhernandez@libbyhoopes.com

Dated: June 21, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on June 21, 2019.

/s/ *Douglas S. Brooks*
Douglas S. Brooks