# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HYEWOONG YOON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEYONG LEE a/k/a SE-YEON LEE a/k/a )<br>SE YEON LEE a/k/a SE Y. LEE a/k/a )<br>SE-Y. LEE, )<br>)<br>Defendant ) | Civil Action No. 19-10278-PBS |
| HYEWOONG YOON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JUHYNG LEE a/k/a JU-HYUNG LEE a/k/a )<br>JU HYUNG LEE a/k/a JU-H LEE a/k/a )<br>JU H. LEE, )<br>)<br>Defendant ) | Civil Action No. 19-10280-PBS |
| HYEWOONG YOON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KOREAN BROADCASTING SYSTEM )<br>)<br>Defendant ) | Civil Action No. 19-10281-PBS |

**DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

### General Objection

1.      Korean Broadcasting System, Ju-hyung Lee, and Se-yeon Lee object to all interrogatories that exceed the limited scope of the Court's order granting the parties to take jurisdictional discovery. *See* ECF No. 37.

### Interrogatories

1.      Identify the person answering these Interrogatories and all persons who assisted in answering these Interrogatories, including such persons' full name, work address, email, and phone number.

**ANSWER**: Ms. Jae-eun Shin, KBS' in-house counsel, assisted in answering these interrogatories.  Ms. Shin and Mr. Lee should only be contacted through counsel at LibbyHoopes, P.C.

Email: sharon0508@kbs.co.kr
Phone: (office) 02-781-2678
Address: 13, Yeouigongwon-ro, Yeongdeungpo-gu, Seoul, 07235, Korea

Mr. Ju-hyung Lee assisted in answering these Interrogatories

Email: juhyung@kbs.co.kr
Phone: (office) 02-781-4340
Address: 13, Yeouigongwon-ro, Yeongdeungpo-gu, Seoul, 07235, Korea

2.      Identify all persons employed by KBS in 2018 who were responsible for approving KBS' broadcasts before they aired, including such persons' full name, work address, email, and phone number.

**ANSWER**: Defendants incorporate by reference their general objection and state this interrogatory is beyond the scope of the Court's Order regarding the scope of permissible discovery.

3.      Identify all persons employed by KBS in 2018 who were responsible for approving the Broadcast. Include such persons' full name, work address, email, and phone number.

**ANSWER**: Defendants incorporate by reference their general objection and state this interrogatory is beyond the scope of the Court's Order regarding the scope of permissible discovery..

4. Identify all persons employed by KBS in 2018 who approved Ms. Lee's trip to the United States in 2018. Include such persons' full name, work address, email, and phone number.

**ANSWER**: Defendants incorporate by reference their general objection and state this interrogatory is beyond the scope of the Court's Order regarding the scope of permissible discovery.

5. State Mr. Lee's position within KBS, and describe the duties that KBS hired him to perform.

**ANSWER**: Defendants object to this request on the grounds that it is vague and confusing as to the subject matter it seeks information upon. Defendants further object because the interrogatory seeks a narrative response without any limitation in time period. Without waiving those objections, Defendants state that Mr. Lee's current position is "Politics Director" at KBS. His duties include working with reporters and staff to produce KBS' news content and reviewing and approving news scripts. At the time of the Broadcast, he was a "Social Affairs Director" where he had substantially similar responsibilities regarding social affairs news reports.

6. Describe in detail Mr. Lee's role with respect to Ms. Lee's trip to the United States in 2018, and with respect to the production of the Broadcast. Include whether Mr. Lee gave permission for Ms. Lee to travel to the United States in 2018, whether his authorization was required as a precondition to the airing or production of the Broadcast and to Ms. Lee's trip to the United States in 2018, and whether and to what extent he was involved in the creation of the Broadcast.

**ANSWER**: Defendants object to this request on the grounds that it is vague and confusing as to the subject matter it seeks information upon. Defendants further object because the interrogatory seeks a narrative response without any limitation in time period. Without waiving those objections, Defendants state that any overseas business trips require the approval of a relevant department head. In this instance, Mr. Lee approved Ms. Lee's business trip, and he was involved in the preparation of the Broadcast by, *inter alia*, reviewing the final news script.

7. Describe in detail how KBS decided to produce the Broadcast, which is the subject of this case, including who provided KBS with information that led to its production, and the reasons for KBS' decision to make the broadcast.

**ANSWER**: Defendants incorporate by reference their general objection and state this interrogatory is beyond the scope of the Court's Order regarding the scope of permissible discovery.

8. Describe in detail any policy or procedure KBS had in place during the last 2 years evidencing or relating to how KBS decides what broadcasts to produce, including but not limited to, how broadcast ideas are created, who approves broadcast ideas, who supervises broadcasts, and who decides how broadcasts productions are staffed.

**ANSWER**: Defendants incorporate by reference their general objection and state this interrogatory is beyond the scope of the Court's Order regarding the scope of permissible discovery..

9.  Identify all individuals, including their work address, email, and phone number, who received compensation in exchange for information that helped in the production of the Broadcast, and state the amount of compensation paid to each.

**ANSWER**: Defendants incorporate by reference their general objection and state this interrogatory is beyond the scope of the Court's Order regarding the scope of permissible discovery.

10.  State in detail all actions taken KBS to verify the accuracy of the Broadcast, , before airing the Broadcast to the public.

**ANSWER**: Defendants incorporate by reference their general objection and state this interrogatory is beyond the scope of the Court's Order regarding the scope of permissible discovery.

As to Objections,

/s/ *Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
Joseph B. Hernandez (BBO No. 704223)
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116
(617) 338-9300
dbrooks@libbyhoopes.com
jhernandez@libbyhoopes.com

**Verification**

I verify that the above answers are true to the best of my knowledge.

_____
Jae-eun Shin

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2019 a copy of Defendants' Answer to Plaintiff's First Set of Interrogatories was served upon Plaintiff's Counsel through e-mail that was followed by placing a copy in the U.S. mail, postage prepaid to the following:

Joseph Perl, Esq.
LAW OFFICE OF JOSEPH PERL
203 Arlington St., Suite 2
Watertown, MA 02472
(781) 704-7047
perl@perlattorney.com

Bernard D. Posner, Esq.
FURMAN GREGORY DEPTULA
4 13TH Street, Suite 2
Boston, MA 02129
(617) 886-6145
bernard@fgd-law.com

_____
Joseph Hernandez